IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| EDWIN SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| WELLS FARGO, N.A., ) | |
| ) | |
| Defendant. ) | |

Plaintiff files this action against Defendant for discrimination under the Americans With Disabilities Act Amendment Act due to Defendant's failure to provide an accommodation upon Plaintiff's request due to a condition he suffered and for retaliation for terminating him.

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under the Americans With Disabilities Act Amendment Act ("ADAAA"), 42 U. S. C. § 12131 et. seq., as amended.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by the ADAAA. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendants complained of herein which violate rights secured to the Plaintiff by the ADAAA.

## II. PARTIES

4. Edwin R. Sykes is a male resident and citizen of Charlotte, Mecklenburg County, North Carolina.

5. Defendant Wells Fargo is a national entity which offers financial services to the general public which has offices in Charlotte, Mecklenburg County, North Carolina. Defendant is an employer within the meaning of Americans With Disabilities Amendment Act (ADAAA).

## III. FACTS

6. Plaintiff was employed by Defendant on or about August 2, 2020, as an Account Resolution Team Lead. His duties and responsibilities included assisting customers with past due accounts and managing a team of fifteen to sixteen employees who provided assistance to customers who had issues with checks or credit cards. He worked in an office at Defendant's campus on W. T. Harris Boulevard in Charlotte. Plaintiff and his employees worked in cubicles which were less than six feet apart. There were approximately 100 to 125 other persons on plaintiff's floor.

7. Plaintiff began his employment with Defendant during the COVID pandemic. Employees were required to wear masks while they were in the building. In early September, 2020, Plaintiff told his manager, Michael Guertin, that he was worried for his health and life because as a diabetic he was subject to higher risk if he contracted the COVID virus. He requested to work from home as an accommodation. Plaintiff's manager did not grant Plaintiff's request to work from home. He gave Plaintiff no opportunity to discuss potential ways to accommodate him by allowing him to work from home.

2

8. In early October, 2020, Plaintiff presented Michael Guertin with a note from his doctor describing his health conditions and confirming that his health condition placed him at a higher risk for contracting the COVID virus and placed him at a higher risk of greater harm and complications from the virus if he contracted it.

9. Guertin advised Plaintiff that he would take Plaintiff's note to Michael Shea, the Unit manager. Guertin did so and on the same day Guertin returned to Plaintiff to advise that Michael Shea denied his request based upon a policy that employees had to work in the office for ninety days before they were eligible for an accommodation to work at home. Shea's response was false. The policy was that once an employee presented with underlying conditions, they were to be allowed to work from home

10. As a result of having to appear at the work site to perform his duties, Plaintiff became concerned about his health and well-being. He experienced severe stress which affected his ability to sleep and to perform his duties.

11. On October 16, 2020, while at work, Plaintiff suffered a massive seizure which led to a major cardiac arrest while at work. Plaintiff had a history of seizures, but had not suffered one since the early '90's. He had no other conditions which contributed to a heart attack, such as being overweight or having high blood pressure. Plaintiff was taken to the hospital by emergency medical services. Despite having suffered such a severe seizure, the resultant heart attack and needing to be resuscitated, Plaintiff made himself available to return to work on November 2, 2020.

12. Approximately one week before November 2, 2020, Guertin advised Plaintiff that he was allowed to work from home and was given intermittent days off to attend to doctor appointments or rest as needed.

13. On or about March 8, 2021, Plaintiff was placed on medical leave by his physician after having suffered a relapse. Plaintiff initially was placed on medical leave for the period March 8, 2021 through July 8, 2021. Before his leave expired on July 8, 2021, Plaintiff's physician wrote a note which Plaintiff provided to Defendant, extending his need for medical leave from July 8, 2021 to August 31, 2021.

14. Plaintiff made internal complaints about Defendant's failure to allow him to work from home as an accommodation. Plaintiff had numerous calls and e-mail exchanges between himself and a Human Resources representative.

15. Defendant improperly denied a voluntary time off request which was approved in the system and sent to the manager according to policies and procedures. However, Defendant denied the request for voluntary time off.

16. After Plaintiff's medical incident, Plaintiff received a performance review by Guertin and Shea which only provided that he met the requirements of the job, despite the fact that he had gone above and beyond the call of duty in performing his job.

17. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 23, 2021.

18. At no time did Defendant engage in an interactive process with Plaintiff.

19. Plaintiff was notified while he was on medical leave that his position would be terminated effective July 9, 2021. Defendant alleged that Plaintiff had engaged in inappropriate harassment. Plaintiff denied the allegation of any inappropriate conduct towards an employee.

## IV. CLAIM FOR RELIEF

### First Cause of Action - Failure to Accommodate under the Americans with Disabilities Act Amendment Act

20. Paragraphs 1 through 19 are realleged herein.

21. Defendant violated the Americans with Disabilities Act Amendment Acts when it failed to engage in an interactive process with Plaintiff after he notified Defendant of medical conditions and requested an accommodation to work from home.

22. Plaintiff is an individual with a disability, diabetes. He is a qualified individual for the position in question. He had been hired for and was performing the duties and responsibilities of his position. Plaintiff was never told that his work performance was not meeting expectations. Plaintiff gave his employer verbal notification of his disability and a written note from his doctor confirming his disability. He requested accommodation to work from home. Plaintiff performed his duties by using a computer and talking with customers on a telephone. Plaintiff was not physically inhibited from performing the duties of his position at home away from the work site.

23. Plaintiff's employer had a telework policy which would have allowed him to work from home without any undue burden to defend it. Plaintiff could perform the essential functions of his position from home. Defendant refused to make the accommodation and refused to engage in an interactive process with him.

24. Defendant promptly denied his first verbal request for the accommodation. A few weeks later, Plaintiff presented a doctor's note to his manager and again requested an accommodation to work from home. Defendant's Unit Manager, Michael Shea, promptly denied Plaintiff's request, claiming that new employees had to work from the office for 90 days before an accommodation to work from home would be granted. Defendant's policies in fact did not provide as his Manager stated.

25. On October 16, 2020, Plaintiff suffered a major medical emergency, a severe seizure which led to a major heart attack while he was at work, resulting in Plaintiff for a period of time having no pulse and not breathing. Extraordinary methods were necessary to revive him. Plaintiff survived the incident and began work from home on November 2, after Defendant finally accommodated his request.

26. Defendant maintained that any request for accommodations had to be handled by the Human Resources Department or the Accommodations Management Committee. At no time prior to his medical emergency did any manager tell him that the request should have been submitted to the Human Resources Department or the Accommodations Management Committee. After his medical incident, Plaintiff submitted another request to work from home by contacting his manager, Michael Guertin. Guertin for the first time advised Plaintiff to contact the Accommodations Management Committee.

27. Defendant's failure to accommodate the Plaintiff by engaging in an interactive process with him and by failing to accommodate his first two requests to work from home violated the Americans With Disabilities Act Amendments Act.

28. As a result of Defendant's failure to accommodate him, Plaintiff suffered a major health incident which impacted his life and well-being and continues to negatively impact his health. Plaintiff has suffered economic harm and emotional distress as a result of Defendant's actions.

**Second Cause of Action – Retaliation**

29. Paragraphs 1 through 28 above are incorporated herein by reference.

30. Plaintiff filed an internal complaint with Human Resources after he return to work. In addition, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 23, 2021, alleging that he had been retaliated against by Defendant for requesting an accommodation. Plaintiff was then terminated from his position, effective, July 9, 2021, after being falsely accused of harassing an employee. Plaintiff was not told of the specific actions which he allegedly undertook, to whom he had allegedly harassed or when such harassment had occurred. Defendant's actions constitute retaliation in violation of the ADAAA. If Plaintiff had not complained of Defendant's policies, including making his complaint known through media exposure of Defendant's failure to accommodate, Plaintiff would not have been subjected to an increased workload or the denial of voluntary time off. Further, Plaintiff would not have been terminated from his position had he not engaged in that protected activity.

31. Defendant's actions violate the American With Disabilities Act Amendment Act. As a result of Defendant's actions, Plaintiff suffered economic harm and emotional distress.

## V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

32. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, EEOC Charge No. 430-2021-01149. The Equal Employment Opportunity

7

Commission issued Plaintiff a dismissal and notice of rights on September 20, 2023. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of the ADAAA, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

33. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discriminatory and retaliatory actions be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of the ADAAA.

c. Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

e. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 19th day of December, 2023.

/s/ Geraldine Sumter
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff